IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN E. CARY, )
 )
        Plaintiff, )
 ) Civil Action No. 2:15-cv-01177
v. )
 ) U.S. District Judge Mark R. Hornak
PREMIER PAN COMPANY, )
 )
        Defendant. )

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

The Plaintiff Mr. Cary has filed for *in forma pauperis* ("IFP") status as part of his effort to assert a claim against the Defendant for discrimination made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, *et. seq*. His allegations are thin, to put it charitably. His Complaint recites a summary of the purposes of Title VII, and seems to aver that he seeks to file it as a precautionary measure due to what he seems to perceive as some failure in the EEOC's completion of the administrative processes mandated by Title VII. He does not allege that any of those procedures, including the mandatory issuance by the EEOC of a "right to sue" letter, has occurred. On top of that, he does not assert the basis for the unlawful discrimination (race? sex? national origin? religion? color?), nor that any adverse employment action has occurred. In sum, there is really no claim asserted, no matter how generously the Court would consider the IFP/*pro se* filing.

This Court has examined similar situations before. In *Detar v. United States Government*, No. 13-1499, 2014 WL 517715 (W.D. Pa. Feb. 7, 2014), the Court reviewed its obligations in terms of passing on the IFP application, and then in considering the proffered Complaint. Where, as here, the *pro se*, IFP Complaint fails to even remotely assert a plausible

claim for relief in federal court, even when considered under a more liberal *pro se* pleading standard, the Court must dismiss the Complaint, but with leave to amend, unless such amendment would be futile as a matter of law. *Id.* at *3; *see Grayson v. Mayview State Hosp.*, 293 F. 3d 103 (3d Cir. 2002).

Here, the Complaint fails to even remotely assert a federal claim, for at least the reasons noted above, and it will therefore be dismissed without prejudice and with leave to amend, since it is at least possible that Mr. Cary has a federal claim that can be plausibly asserted. IFP status will be granted, although only as to the prepayment of costs. Should it later appear to the Court that Mr. Cary has the wherewithal to pay costs, he will be responsible for them.

An appropriate order will be entered.

Mark R. Hornak
United States District Judge

Dated: September 14, 2015

cc: Mr. John E. Cary